### WILLIAMS v MARTINDILL

Ohio Appeals, 2nd Dist, Franklin Co

No 2197.  Decided June 27, 1932

Stuart R. Bolin, Columbus, and D. T. G. Lum, Columbus, for plaintiff in error.

W. B. McLeskey, Columbus, and Albert A. Clarke, Columbus, for defendant in error.

## BY THE COURT

Counsel have favored the court with unusually exhaustive briefs which we have considered. Various authorities are cited in both the opening and reply brief of counsel for plaintiff in error. In view of the conclusion at which we have arrived it will be unnecessary to review these authorities in detail as we think many of them are not pertinent in view of our conclusion.

This is not a proceeding to reform the contract. The contract is in writing and if it is plain and unambiguous then it should be interpreted according to its terms.

In brief the defendant in error claims that under the contract plaintiff in error is required to pay the principal sum at the rate of $35.00 per month payable on the first day of each month until the balance of the principal sum is paid and that the plaintiff in error under said contract is also required to pay interest on all unpaid balances due on said principal sum on the first days of June and December of each year. That such interest payments are distinct from and in addition to the monthly payments on the principal sum.

In brief, plaintiff in error claims that the interest for the preceding six months shall be figured and added to the preceding balance; that any other charges such as taxes advanced, etc., may also be added; that from the total so derived the payments made by the plaintiff in error for the preceding six months shall be subtracted and this constitute a new balance upon which

interest must be figured for the succeeding period.

When the contract is read and considered as an entirety, we are of opinion that the contract does not warrant the construction placed upon it by plaintiff in error. We think the contract clearly provides for the payment of not less than $35.00 per month on the first day of each month upon the principal sum and that such payments of $35.00 per month on the first day of each month upon the principal sum shall be continued until such principal sum is paid in full.

We are also of opinion that the contract clearly provides that interest shall be paid each six months, namely on the first day of June and December of each year, on the balance then due on said principal sum.

As the contract, in our opinion, clearly expresses the obligation which is to be performed by plaintiff in error, some of the questions suggested by counsel for plaintiff in error have no application as they apply only in cases where there is ambiguity in the contract.

Plaintiff in error on June 14, 1930, sent a check to defendant in error for $137.36, which was the amount then claimed by plaintiff in error to be due. The letter of June 16, 1930, of defendant in error advises plaintiff in error that the check is received as a credit and informs him of the balance claimed by defendant in error to be due and that the same must be paid.

Under the circumstances disclosed by the record we do not think the sending or acceptance of this check constitutes an accord and satisfaction.

We have considered all of the errors urged by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.